IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL WILLIAMS, | : | Civil Action No. 4:15-00675 |
| | : | |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| INFLECTION ENERGY, LLC, U.S. | : | |
| WELL SERVICES, LLC and U.S. | : | |
| WELL SERVICES, INC., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**
August 19, 2015

Pending before this Court is a motion to dismiss filed by Defendant

Inflection Energy, LLC (hereinafter "Inflection").  The motion seeks to dismiss

Defendant U.S. Well Services, LLC's (hereinafter "U.S. Well") crossclaim

pursuant to Federal Rule of Civil Procedure 12(b)(6) for contractual

indemnification.  The contract between Inflection and U.S. Well contains a choice

of law provision which requires application of Colorado law; therefore Colorado

law controls the instant matter.  *See Gay v. CreditInform*, 511 F.3d 369, 389 (3d

Cir. 2007) ("Pennsylvania courts generally honor the intent of the contracting

parties and enforce choice of law provisions in contracts executed by them.").[1]

---

[1] The court in *Gay* goes on to say that Pennsylvania courts have adopted section 187 of the Restatement (Second) Conflict of Laws, which provides that contractual choice of law provisions will be enforced except in certain

This matter has been fully briefed and is now ripe for disposition.  In accordance with the following reasoning, Inflection's motion to dismiss is denied.

## I. BACKGROUND

The instant lawsuit arises from personal injuries suffered by Plaintiff, Michael Williams while performing work for Trinity Medical Management Services LLC and/or Hyperion Safety Services, LLC (hereinafter "Trinity Medical Management"), on a well site owned and/or operated by Inflection.  He initiated the present action on January 5, 2015, by filing a complaint against Inflection, U.S. Well, and U.S. Well Services, Inc. in the Eastern District of Louisiana.  Shortly thereafter, the action was transferred to this Court.  On April 30, 2015, U.S. Well filed its answer to Plaintiff's complaint and included a crossclaim against Inflection for common law contribution and indemnification, as well as contractual indemnification. It is this latter claim that Inflection seeks to dismiss on two grounds: (1) that U.S. Well has not sufficiently pled its claim; and (2) that the indemnification provisions at issue do not support a claim that Inflection agreed to indemnify U.S. Well in the instant scenario.

## II. LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must view all allegations stated in the complaint as true

---

circumstances.  *Gay*, 511 F.3d at 389.  Because U.S. Well has not argued that Colorado law should not be applied, this Court will apply Colorado law in the instant matter.

and construe all inferences in the light most favorable to plaintiff. *See Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). However, "the tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. *See Kost*, 1 F.3d at 183. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. *See Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000).

A complaint should only be dismissed if, accepting as true all of the allegations in the amended complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-664.

"In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact

pleading." *Hellmann v. Kercher*, No. 07-1373, 2008 WL 1969311 at * 3 (W.D. Pa. May 5, 2008) (Lancaster, J.).  Federal Rule of Civil Procedure 8 "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds on which it rests,'" *Twombly*, 550 U.S. at 554 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief. *See Hellmann*, 2008 WL 1969311 at *3.  Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *See Twombly*, 550 U.S. at 561. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not "shown" - - "that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).  A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." *Id*. at 326.  If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a

claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Id*. at 327.

## III. DISCUSION

### A. Extrinsic Evidence

As an initial matter, Inflection relies in its motion to dismiss on the Master Service Agreement entered into by Inflection and U.S. Well which contains the indemnification provisions at issue. U.S. Well did not attach this agreement to its counterclaim.

"The general rule is that 'a district court ruling on a motion to dismiss may not consider matter extraneous to the pleadings.' " *In re Rockefeller Center Props., Inc. Secs. Litig*., 184 F.3d 280, 292 (3d Cir. 1999) (quoting *In re Burlington Coat Factory Sec. Litig*., 114 F.3d 1410, 1426 (3d Cir. 1997)). However, the United States Court of Appeals for the Third Circuit has carved out an exception to this general rule, that is, when an extrinsic document is "integral to or explicitly relied upon in the complaint." *Burlington Coat*, 114 F.3d at 1426.

In this case, U.S. Well's counterclaim for contractual indemnification is predicated entirely on this Master Service Agreement, which makes it appropriate for the Court to consider this document in ruling on Inflection's motion to dismiss.

**B. Master Service Agreement Indemnification Provisions**

Inflection argues that pursuant to the language of the indemnification provision of the Master Service Agreement, in conjunction with controlling law on contract interpretation, it is not required to indemnify U.S. Well for personal injury or property claims initiated by U.S. Well's own subcontractors, nor is it required to indemnify U.S. Well for claims alleging U.S. Well's own negligence.  U.S. Well does not respond directly to this argument.

A contract for indemnification is generally construed to effectuate rather than defeat the parties' intentions. *See Williams v. White Mountain Const. Co., Inc.*, 749 P.2d 423, 426 (Colo. 1988) (citing *Gardner Bros. & Glenn Constr. Co. v. American Surety Co.*, 37 P.2d 384, 386 (Colo. 1934).  Indemnification agreements are construed according to general contract law principles and the parties' intentions are determined by reference to the plain meaning of the contract language.  *See Mid Century Ins. Co. v. Gates Rubber Co.*, 43 P.3d 737, 739 (Colo. App. 2002) ("An indemnity agreement is subject to the same rules of construction that govern generally.  Hence it should be enforced according to the plain and generally accepted meaning of its language and interpreted in its entirety to give effect to all of its provisions so that none are rendered meaningless."); *see also East Ridge of Fort Collins, LLC v. Larimer & Weld Irrigation Co.*, 109 P.3d 969, 974 (Colo. 2005) ("It is axiomatic that a contract must be construed to ascertain

and effectuate the intent of the parties as determined primarily from the language

of the contract.  To this end, the instrument's language must be examined and

construed in harmony with the plain and generally accepted meaning of the words

used.").

However, an indemnification provision that purports to render the

indemnitor liable for the indemnitee's conduct must contain "clear and

unequivocal language to that effect." *Williams*, 749 P.2d at 426.  This means that

"a contractual provision should not be construed to permit an indemnitee to

recover for his own negligence unless the court is firmly convinced that such an

interpretation reflects the intention of the parties." *Public Service Co. v. United

Cable Television of Jeffco, Inc.*, 829 P.2d 1280, 1283-84 (Colo. 1992) (quoting

*United States v. Seckinger*, 397 U.S. 203, 211 (1970)).

The contract at issue in this case, the Master Service Agreement, contains

reciprocal indemnification provisions.  It states, in relevant part:

> 5.2 Contractor[2] shall release Company Group[3] from any liability for, and
> shall protect, Defend and indemnify Company Group from and against all
> Losses, without limit and without regard to the cause or causes thereof or the
> negligence of any party or parties arising in connection herewith in favor of
> Contractor Group and Contractor Group's employees on account of bodily
> injury, death, or damage to property. . . .

---

[2] Within the context of this agreement, "Contractor" refers to U.S. Well.

[3] In Section 5.1(a), "Company Group" is defined as "[Inflection], its parent, affiliate, and subsidiary entities, its and their joint venturers, joint interest owners, partners, co-owners, co-lessees, contractors and subcontractor of any tier (other than Contractor and its subcontractors) and the respective directors, officers, agents, representatives, employees and invitees of all the foregoing."

5.3 Company[4] shall release Contractor Group[5] from any liability for, and shall protect, Defend and indemnify Contractor Group from and against all Losses, without limit and without regard to the cause or causes thereof or the negligence of any party or parties, arising in connection herewith in favor of Company Group or Company Group's employees on account of bodily injury, death or damage to property. . . .

Although Inflection argues that Trinity Medical Management was a subcontractor of U.S. Well, at this point in the proceedings it is not clear from either Plaintiff's complaint or U.S. Well's answer and crossclaim which entity subcontracted Trinity Medical Management. Without knowledge of this essential fact, this Court cannot dismiss U.S. Well's contractual indemnification claim on the basis of the aforementioned contractual language. Moreover, the Court is "firmly convinced," based on the explicit wording of the indemnification provisions,[6] that Inflection is required to indemnify U.S. Well in the event that any member of the "Company Group" initiates an action for personal injury or property damage against U.S. Well regardless of U.S. Well's negligence.

## C. Contractual Indemnification Claim

Inflection also argues that because a claim for contractual indemnification is essentially identical to a claim for breach of contract, U.S. Well must plead the elements of a breach of contract claim in order to assert a claim for contractual

---

[4] "Company" refers to Inflection.
[5] In Section 5.1(b), "Contractor Group" is defined as "[U.S. Well], [U.S. Well]'s parent, affiliate, and subsidiary entities, and subcontractors of any tier, and each of their respective directors, officers, agents, representatives, employees and invitees."
[6] "without regard to the cause or causes thereof or the negligence of any party or parties. . ."

8

indemnification.  It argues that U.S. Well has not pled any of the elements of a contractual indemnification claim and therefore that claim should be dismissed. Plaintiff responds only that dismissal is premature at this stage.

The Court disagrees that breach of contract and contractual indemnification are essentially the same claim and therefore require demonstration of the same elements.  Importantly, the case that Inflection cites to attempt to establish this principle, *Lafarge North America, Inc. v. K.E.C.I. Colorado, Inc.*, does not lend any support to its position.  250 P.3d 682.[7]  Moreover, to the extent that *Lafarge* implicitly endorses an interpretation in which contractual indemnification was similar to a breach of contract claim in that scenario, this Court does not believe that it created a universal principle in which the two claims are always identical.

A breach of contract claim entails an allegation that a party has failed to perform under a contract.  A claim for contractual indemnification, on the other hand, is a request that the opposing party honor a contractual provision to indemnify them if they are found liable for any covered losses.  While a failure to indemnify after the indemnification provision has been triggered may lead to a party's breach of that contract, in many cases, such as the one before the Court today, indemnification claims are asserted prior to any obligation to pay and

---

[7] Though the case mentions the Defendant's "breached contractual obligations to defend, indemnify, and insure plaintiff," this Court can find no other support for Inflection's contention within that decision.  Notably, Inflection does not provide a pin cite to assist this Court in determining the section of the opinion to which it is referring.

therefore prior to any possible and future breach. Consequently, they cannot necessarily be the same claim.

At this stage of the litigation, U.S. Well has sufficiently pled that there is a contractual provision under which they are entitled to indemnification. Accordingly, Inflection's motion to dismiss will be denied.

## IV. CONCLUSION

In accordance with the foregoing reasoning, Inflection's Motion to Dismiss is denied.


BY THE COURT:


/s Matthew W. Brann
Matthew W. Brann
United States District Judge