# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL WILLIAMS, | No. 4:15-CV-00675 |
| Plaintiff, | (Judge Brann) |
| v. | |
| INFLECTION ENERGY, LLC, U.S. WELL SERVICES, LLC, AND U.S. WELL SERVICES, INC., | |
| Defendants and Third-Party Plaintiff, | |
| v. | |
| HYPERION SAFETY SERVICES, LLC, | |
| Third-Party Defendant. | |

# MEMORANDUM OPINION

### JULY 16, 2019

U.S. Well Services, LLC ("Well Services") has moved for partial summary judgment on its third-party complaint against Hyperion Safety Services, LLC ("Hyperion"). For the following reasons, that motion will be granted in part.

### I.      BACKGROUND

In considering issues germane to Well Services' present motion, the relevant material facts are not in dispute.  Well Services and Hyperion entered into a master

services agreement ("MSA") under which Hyperon agreed to indemnify Well Services for injuries incurred by Hyperion employees on Well Services' wells. Hyperion employee and Plaintiff Michael Williams injured himself on such a well in Lycoming County, Pennsylvania, and alleged various personal injury claims against Well Services. Well Services filed a third-party complaint against Hyperion seeking, *inter alia*, indemnification for Plaintiff Williams's injuries pursuant to the MSA.[1] Hyperion answered and denied that it had obligation to indemnity Well Services.[2] Well Services presently moves for partial summary judgment against Hyperion, asking this Court to find that Hyperion is contractually obligated to defend, indemnify, and hold Well Services harmless against Plaintiff Williams's claims.[3] Hyperion and Plaintiff Williams oppose Well Services' motion.[4]

## II. DISCUSSION

### A. Standard of Review

Summary judgment is granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[1] Third Party Complaint (ECF No. 43).

[2] Answer to Third Party Complaint (ECF No. 50).

[3] Brief in Support (ECF No. 117) at 3.

[4] To the extent Hyperion seeks summary judgment in its favor, *see* Brief in Opposition (ECF No. 123) at 15 ("In fact, based on the unambiguous language contained within the MSA, this Court should grant Summary Judgment in favor of Williams and Hyperion on this issue."), neither Hyperion nor Plaintiff Williams have filed any cross-motions for summary judgment. Accordingly, the only motion before the Court is Well Services' motion for partial summary judgment.

matter of law."[5] A dispute is "genuine if a reasonable trier-of-fact could find in favor of the non-movant," and "material if it could affect the outcome of the case."[6] To defeat a motion for summary judgment, then, the nonmoving party must point to evidence in the record that would allow a jury to rule in that party's favor.[7] When deciding whether to grant summary judgment, a court should draw all reasonable inferences in favor of the non-moving party.[8]

> **B. The MSA Requires Hyperion to Indemnify Well Services and Is Not Voided by the Texas Oilfield Anti-Indemnity Act.**

At issue is whether the MSA contractually obligates Hyperion to defend and indemnify Well Services against Plaintiff Williams's claims.[9] Hyperion argues that the MSA's indemnification provisions have been voided by the Texas Oilfield Anti-Indemnity Act ("TOAIA").[10] Well Services, however, contends that the parties' obligations fall within an exception to TOAIA.[11] This Court agrees with Well Services.

---

[5] Federal Rule of Civil Procedure 56(a).

[6] *Lichtenstein v. Univ. of Pittsburgh Medical Ctr.*, 691 F.3d 294, 300 (3d Cir. 2012) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 252 (1986)).

[7] Federal Rule of Civil Procedure 56(c)(1); *Liberty Lobby*, 477 U.S. at 249.

[8] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

[9] Brief in Support (ECF No. 117).

[10] Brief in Opposition (ECF No. 123). Both parties agree that Texas law governs the MSA's interpretation. Brief in Support (ECF No. 117) at 5; Brief in Opposition (ECF No. 123) at 6; MSA (ECF No. 123-1) at § 11.7.

[11] Reply Brief (ECF No. 125).

TOAIA generally renders void as against public policy certain agreements in the oil, gas, and mineral exploration industry "that provide for indemnification of a negligent indemnitee."[12] TOAIA, however, does not void mutual indemnity obligations supported by liability insurance.[13] Specifically, § 127.005(b) validates a "mutual indemnity obligation, [if] the indemnity obligation is limited to the extent of the coverage and dollar limits of insurance or qualified self-insurance each party as indemnitor has agreed to provide in equal amounts to the other party as indemnitee."[14] In *Ken Petroleum Corp. v Questor Drilling Corp.*,[15] the Texas Supreme Court interpreted § 127.005(b) to mean that "mutual indemnity obligations can be valid … (1) even if the parties agree to provide liability insurance in differing amounts; (2) the indemnity obligations are enforceable to the coverage and dollar limits that apply equally to both parties; and (3) the indemnity agreement need not specify the amount of liability insurance."[16]

Here, the MSA's mutual indemnity obligation falls within the § 127.005(b) exception. The MSA creates indemnity obligations that are mutual—Hyperion

---

[12] TEX. CIV. PRAC. & REM.CODE § 127.002(b).

[13] TEX. CIV. PRAC. & REM.CODE § 127.005(a).

[14] TEX. CIV. PRAC. & REM.CODE § 127.005(b).

[15] 24 S.W.3d 344, 349-50 (Tex. 2000).

[16] *Ranger Ins. Co. v. American Intern. Specialty Lines Ins. Co.,* 78 S.W.3d 659, 661-62 (Tex. Ct. App. 2002) (citing *Ken Petroleum*, 24 S.W.3d at 351).

must indemnify Well Services and Well Services must indemnify Hyperion.[17] Both Hyperion and Well Services have supported their indemnity obligations by purchasing insurance.[18] To the extent the MSA does not identify how much insurance each party must obtain, or otherwise require Hyperion and Well Services to purchase insurance in equal amounts,[19] any such omissions, per *Ken Petroleum*, would not invalidate the mutual indemnity obligations established by the MSA.[20] Rather, *Ken Petroleum* renders those indemnity obligations enforceable under § 127.005(b), limited to the amount of insurance that is equally provided.[21]

Hyperion argues that the indemnity obligations within the MSA are void because they are not limited by the amount of insurance each party obtained.[22] But Texas courts have concluded that analogous language providing indemnity "without limit" does not invalidate an indemnification obligation in an MSA.[23]

---

[17] *See* MSA (ECF No. 123-1) at § 5.3, 5.4; Brief in Opposition (ECF No. 123) at 12; Reply Brief (ECF No. 125) at 2-3.

[18] Hyperion's Certificate of Liability Insurance, Exhibit E (ECF No. 125-1); Well Services' Certificate of Liability Insurance, Exhibit F (ECF No. 123-1); MSA (ECF No. 123-1) at §§ 5.11, 6.0.

[19] MSA (ECF No. 123-1) at § 6.0.

[20] *Ken Petroleum*, 24 S.W.3d at 351.

[21] *Id.* at 350.

[22] *See* Brief in Opposition (ECF No. 123) at 14 (arguing that MSA provisions stating that "parties agree that their indemnity obligations hereunder are not intended to be limited by any insurance requirements" and "the limits and coverages of any insurance obtained by either party shall in no way limit the liabilities or obligations assumed by such party" violate § 127.005(b)).

[23] *Ranger Ins. Co. v. American Intern. Specialty Lines Ins. Co.*, 78 S.W.3d 659, 661-62 (Tex. Ct. App. 2002) (citing *Ken Petroleum Corp.*, 24 S.W.3d at 357 n.16) (concluding that when indemnity obligation was "*without limit* and *without regard* to the cause or causes thereof or

Rather, courts have held those contracts to be enforceable "up to the dollar limits that apply equally to both parties."[24]

In sum, because the MSA's mutual indemnification obligations fall within the § 127.005(b) exception to TOAIA, those obligations are valid and enforceable as a matter of law. Because the MSA obligates Hyperion to "release, defend and indemnify [Well Services] from and against all Losses arising in connection herewith in favor of any member of Contractor Group on account of bodily injury, death, or damage to property, regardless of fault,"[25] Hyperion is contractually obligated to release, defend, and indemnify Well Services against Plaintiff Williams's claims "up to the dollar limits that apply equally to both parties."[26]

---

the negligence of any party or parties," the indemnity agreement was not invalidated, and accordingly, rejecting appellees' argument that the indemnity obligation was not limited to the extent of available insurance); *see also EOG Resources, Inc. v. Badlands Power Fuels, LLC*, 673 F.Supp.2d 882, 890 (D. N.D. 2009) (finding mutual indemnity obligation enforceable under TOAIA when parties agreed to obtain insurance to support indemnity obligations, without regard to whether the agreement specifies the type or amount of insurance required).

[24] *Ranger Ins. Co.*, 78 S.W.3d at 662.

[25] MSA (ECF No. 123-1) at § 5.3.

[26] *Ranger Ins. Co.*, 78 S.W.3d at 662; *see also EXL Petroleum, L.P. v. Cudd Pressure Control, Inc.*, No. MO–14–CA–74, 2015 WL 12591364, at *1 (W.D. Tex. 2015) ("In the instance in which one party carries more insurance coverage than the other, the lowest common denominator of insurance coverage will control.").

## III. CONCLUSION

For the foregoing reasons, the Court will grant in part Well Services' motion for partial summary judgment. An appropriate order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge