**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL WILLIAMS, | No. 4:15-CV-00675 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| INFLECTION ENERGY, LLC,<br>U.S. WELL SERVICES, LLC, and<br>U.S. WELL SERVICES, INC., | |
| Defendants and Third-Party<br>Plaintiffs, | |
| v. | |
| HYPERION SAFETY SERVICES,<br>LLC, | |
| Third-Party Defendant and<br>Third-Party Plaintiff, | |
| v. | |
| NAVIGATORS INSURANCE<br>COMPANY, | |
| Third-Party Defendant. | |

**MEMORANDUM OPINION**

**SEPTEMBER 15, 2021**

## I.     INTRODUCTION

On September 3, 2020, Hyperion Safety Services, LLC, filed a third-party

complaint against Navigators Insurance Company.  This is a breach-of-contract

claim predicated on this Court's supplemental jurisdiction and brought under Pennsylvania law.

On December 21, 2020, Navigators filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The motion is now ripe for disposition; for the reasons that follow, it is denied.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), the Court dismisses a complaint, in whole or in part, if the plaintiff has failed to "state a claim upon which relief can be granted." A motion to dismiss "tests the legal sufficiency of a claim"[1] and "streamlines litigation by dispensing with needless discovery and factfinding."[2] "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[3] This is true of any claim, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[4]

Following the Roberts Court's "civil procedure revival,"[5] the landmark decisions of *Bell Atlantic Corporation v. Twombly*[6] and *Ashcroft v. Iqbal*[7] tightened the standard that district courts must apply to 12(b)(6) motions.[8] These cases

---

[1]   *Richardson v. Bledsoe*, 829 F.3d 273, 289 n.13 (3d Cir. 2016) (Smith, C.J.) (citing *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.)).

[2]   *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

[3]   *Id.* at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

[4]   *Id.* at 327.

[5]   Howard M. Wasserman, *The Roberts Court and the Civil Procedure Revival*, 31 Rev. Litig. 313 (2012).

[6]   550 U.S. 544 (2007).

[7]   556 U.S. 662 (2009).

[8]   *Id.* at 670.

"retired" the lenient "no-set-of-facts test" set forth in *Conley v. Gibson* and replaced it with a more exacting "plausibility" standard.[9]

Accordingly, after *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]  "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[12] Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[13]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[14]  No matter the context, however, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."[15]

---

[9]   *Id.*
[10]   *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).
[11]   *Id.*
[12]   *Connelly v. Lane Constr. Corp.*, 809 F.3d 780 (3d Cir. 2016) (Jordan, J.) (cleaned up).
[13]   *Twombly*, 550 U.S. at 556.
[14]   *Iqbal*, 556 U.S. at 679.
[15]   *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

When disposing of a motion to dismiss, the Court "accept[s] as true all factual allegations in the complaint and draw[s] all inferences from the facts alleged in the light most favorable to [the plaintiff]."[16]  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[17]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[18]

As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps.  First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim.  Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[19]

## III.   FACTS AND PROCEDURAL HISTORY

Hyperion employed Plaintiff Michael Williams as a safety representative.[20]

Hyperion assigned Williams to work at a U.S. Well Services, LLC ("Well Services")

---

[16]   *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).

[17]   *Iqbal*, 556 U.S. at 678 (internal citations omitted).

[18]   *Id.  See also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.) ("After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss.").

[19]   *Connelly*, 809 F.3d at 787 (internal quotation marks and citations omitted).

[20]   Doc. 1 at 2.

site in Lycoming County, Pennsylvania.  On January 5, 2014, Williams slipped and fell at this well site, injuring his right ankle.[21]

On January 5, 2015, Williams sued Hyperion in the Eastern District of Louisiana, seeking damages under the Jones Act and general maritime law.[22]  On the same day and in the same court, Williams filed a personal injury suit against Inflection Energy, LLC and Well Services.[23]  But the parties agreed to transfer that second suit against Inflection Energy and Well Services to this Court.[24]

In this Court, Well Services filed a third-party complaint, seeking defense and indemnification from Hyperion under a Master Service Agreement.[25]  A few months later, in February 2016, Hyperion and Williams settled.[26]  This Settlement Agreement required Williams to "defend, indemnify, and hold harmless . . . Hyperion from and against any and all claims arising out of this incident, including, but not limited to any contribution or tort indemnity claims by U.S. Well Services, LLC and Inflection Energy, LLC."[27]

Under this Settlement Agreement, Hyperion demanded that Williams defend and indemnify it against Well Services's claims.[28]  Instead of meeting Hyperion's

---

[21]  *Id.* at 3.
[22]  *Williams v. Trinity Med. Mgmt., L.L.C.*, 331 F. Supp. 3d 557, 560 (E.D. La. 2018).
[23]  Doc. 1.
[24]  Doc. 16.
[25]  Doc. 43.
[26]  Doc. 159, Exhibit 2.
[27]  *Id.*
[28]  *Id.*

demand, Williams filed a declaratory judgment action in the Eastern District of Louisiana.[29]   But the Eastern District of Louisiana granted summary judgment in Hyperion's favor, requiring Williams "to defend and indemnify Hyperion against all claims, including those for contractual liability, arising out of this incident."[30]   The United States Court of Appeals for the Fifth Circuit affirmed the district court's judgment.[31]

Meanwhile, litigation continued in this Court.   This Court granted summary judgment on several issues, including Hyperion's duty to release, defend, and indemnify Well Services and Well Services's duty to indemnify Inflection Energy.[32] But this Court denied Hyperion's motion for partial summary judgment, in which Hyperion argued that its indemnification duty was capped at zero dollars.[33]

After this Court denied Hyperion's motion for partial summary judgment, Hyperion filed a third-party complaint against Navigators.[34]   In this complaint, Hyperion sought defense and indemnification under a marine general liability insurance policy it bought from Navigators ("the Navigators Policy").[35]   Navigators

---

[29]   *Williams*, 331 F. Supp. 3d at 561.
[30]   *Id.* at 562.
[31]   *Williams v. Trinity Med. Mgmt., L.L.C.*, 769 F. App'x 179, 180 (5th Cir. 2019).
[32]   Docs. 90, 126.
[33]   Doc. 142.
[34]   Doc. 149.
[35]   *Id.*

responded to Hyperion's third-party complaint by filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[36]  That motion is now before this Court.

## IV.   DISCUSSION

First, Navigators argues that collateral estoppel precludes Hyperion from litigating the issue of which party must defend and indemnify Hyperion. Specifically, Navigators contends that the Eastern District of Louisiana and the Fifth Circuit already decided this issue in the previous declaratory judgment action, to which Hyperion was a party.  "There is no dispute that Pennsylvania law on collateral estoppel governs in this diversity action."[37]

> "Under Pennsylvania law, the following conditions must exist before collateral estoppel may be invoked: (1) the issue decided in the prior adjudication was identical with the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action."[38]

Navigators does not meet the first requirement for collateral estoppel.  In the previous declaratory judgment action, the issue was whether "the indemnification provision contained within the Settlement Agreement requires [Williams] to defend and indemnify Hyperion against all claims, including those for contractual liability, arising out of this incident."[39]  Here, the issue is whether the Navigators Policy

---

[36]  Doc. 159.
[37]  *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 310 (3d Cir. 2009).
[38]  *Walker v. Horn*, 385 F.3d 321, 337 (3d Cir. 2004).
[39]  *Williams*, 331 F. Supp. 3d at 581.

requires Navigators to defend and indemnify Hyperion.[40]   "Those issues are obviously not identical."[41]   Accordingly, collateral estoppel does not bar Hyperion from litigating Navigators's duty to defend and indemnify under the Navigators Policy.

Next, Navigators contends that it need not defend and indemnify Hyperion because Williams already agreed to do so in the Settlement Agreement.  "Under Pennsylvania law, . . . a court ascertaining whether an insurer has a duty to defend its insured makes its determination by defining the scope of coverage under the insurance policy on which the insured relies and comparing the scope of coverage to the allegations of the underlying complaint."[42]   "If the allegations of the underlying complaint potentially could support recovery under the policy, there will be coverage at least to the extent that the insurer has a duty to defend its insured in the case."[43]  "Importantly, Pennsylvania adheres to the 'four corners' rule . . . ."[44] "Under the four corners rule, a court in determining if there is coverage does not look outside the allegations of the underlying complaint or consider extrinsic evidence."[45]

---

[40]   Doc. 149.
[41]   *Walker*, 385 F.3d at 337.
[42]   *Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660, 673 (3d Cir. 2016).
[43]   *Id.*
[44]   *Id.* (citation omitted).
[45]   *Id.*

Here, the Settlement Agreement is not within the "four corners" of Hyperion's third-party complaint.[46]  Nor does the Settlement Agreement define the Navigators Policy's scope of coverage.[47]  Thus, the Settlement Agreement between Hyperion and Williams does not vitiate Hyperion's claims under the Navigators Policy, at least not at this stage.

Within its four corners, Hyperion's third-party complaint alleges that Navigators issued Hyperion a marine general liability insurance policy effective from July 10, 2013, to July 10, 2014.[48]  The complaint also includes the Navigators Policy's language, which provides defense and indemnification for suits for bodily injuries that occur during the policy period.[49]  This language potentially indicates that Navigators must defend and indemnify Hyperion for claims arising from Williams's January 2014 injuries.  Accordingly, Hyperion's third-party complaint survives at this stage.

Finally, Navigators argues that if it must defend and indemnify Hyperion, Williams must in turn defend and indemnify Navigators.  Navigators even threatens a cross-claim against Williams if this Court allows Hyperion's third-party complaint to proceed.[50]  But this potential cross-claim against Williams does not justify dismissing Hyperion's complaint, which does not include Williams as a party.

---

[46] Doc. 149.
[47] Doc. 159, Exhibit 2.
[48] Doc. 149 at 4.
[49] *Id.*
[50] Doc. 159 at 21.

Indeed, Navigators does not cite any precedent to this effect.  Navigators's motion to dismiss pursuant to Rule 12(b)(6) is therefore denied.

## V.      CONCLUSION

For the foregoing reasons, Navigators's motion to dismiss pursuant to Rule 12(b)(6) is denied.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge